UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON SINGLETON,<br><br>      Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | 20-CV-9245 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, currently detained on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, challenging his criminal proceedings in the New York Supreme Court, Bronx County. By order dated January 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses the complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

Plaintiff brings this action under § 1983, challenging his criminal proceedings in the Bronx County Supreme Court. He names as defendants: (1) the New York City Department of Correction (DOC); (2) DOC Commissioner Cynthia Brann; (3) the Bronx County Supreme Court ("trial court"); (4) Bronx County Supreme Court Justice Ethan Greenberg; (5) the New York City Corporation Counsel; and (6) Commissioner of Corporation Counsel, James Johnson.

Plaintiff alleges the following facts: In 2019, from February to August, Plaintiff's "bail amount was modif[i]ed multiple times, which is a violation of" the Excessive Fines Clause of the Eighth Amendment. (ECF 2, at 4.) Plaintiff also alleges that even though "no judge requested these bail increases," his "bail condition increased." (*Id.*) Plaintiff seeks release.

According to public records maintained by the New York State Unified Court System, New York State authorities arrested Plaintiff on January 31, 2019, on burglary charges. *See People v. Singleton*, No. 00370-2019 (Sup. Ct. Bx. Cnty.). According to those records, Plaintiff, who is represented by counsel, has remained in detention since his arrest.

On February 20, 2019, a grand jury indicted Plaintiff, and the trial court set Plaintiff's bail at $25,000, cash or bond. *See id.* The following year, on January 30, 2020, the trial court increased Plaintiff's bail amount to $100,000 bond, $50,000 cash. *See id.* Meanwhile, on January 13, 2021, Plaintiff's lawyer filed a speedy trial motion under N.Y. C.P.L. § 30.30, and a decision on this motion is pending. *See id.* On March 31, 2021, the trial court ordered a psychiatric examination. *See id.*

# DISCUSSION

A.  **Ongoing Proceedings**

To the extent Plaintiff seeks to have this Court intervene in his pending state court proceedings, the Court must dismiss this claim. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37). Federal courts generally abstain from intervening in state criminal proceedings "'under the principle known as comity [because] a federal district court has no power to intervene in the internal procedures of the state courts.'" *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 481 F.2d 621, 622 (2d Cir. 1973)).

In the context of challenges to bail proceedings, "'interference with the state criminal process in both pending and future bail proceedings,' . . . violate[s] [the] principles of comity set forth in *Younger*." *Id.* (quoting *Wallace v. Kern*, 520 F.2d 400, 403 (2d Cir. 1975)); *see also Jordan v. Bailey*, 570 Fed. App'x 42, 44 (2d Cir. 2014) (in context of a *habeas corpus* proceeding, finding that 52-month pretrial incarceration did not constitute an "extraordinary circumstance" warranting federal intervention, but that continued detention without trial may violate due process).

Plaintiff, who has been detained for approximately 28 months, challenges the bail decisions issued by the trial court in his criminal proceeding. But he does not allege any facts suggesting bad faith, harassment, or irreparable injury. Rather, he simply disagrees with the trial court's decision to increase his bail amount. As this Court has no power to interfere with Plaintiff's bail proceedings, the Court dismisses this claim under the *Younger* doctrine.

3

**B. Habeas corpus**

For relief, Plaintiff seeks release from custody. But Plaintiff may not obtain release from custody in a § 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).

Some district courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[2] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). But before seeking *habeas corpus* relief under § 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* Because the complaint does not suggest that Plaintiff exhausted his challenge to his bail increase in the state courts, the

---

[2] The Court notes that where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 Fed. App'x at 44 (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

4

Court declines to recharacterize this § 1983 complaint as a petition brought under 28 U.S.C. § 2241.[3]

## C. Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 17, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] When a district court construes a complaint brought under § 1983 as a § 2241 petition, it must notify the *pro se* plaintiff that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).