UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON L. SINGLETON,

                        Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF
CORRECTCIONS, et al.,

                     Defendants.

20-CV-9245 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Vernon C. Bain Center (VCBC), brings this *pro se* action challenging his current detention, which commenced on or about January 31, 2019. On May 17, 2021, the Court dismissed the action, noting that it was declining to recharacterize the complaint as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 because it would have been futile to do so, as Plaintiff had not alleged any facts suggesting that he had exhausted his state-court remedies. The following month, the Court received a letter from Plaintiff, challenging the order of dismissal and stating facts showing that he had exhausted his state-court remedies. The Court construed the letter as a motion for reconsideration, granted the motion, and vacated its order of dismissal.

For the following reasons, the application is designated as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. The Court grants Plaintiff 30 days' leave to file a Section 2241 *habeas corpus* petition setting forth his grounds for relief.

## DISCUSSION

### A.    The Court recharacterizes this action as a Section 2241 petition

Under Section 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody

must generally challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under Section 2241 as to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Plaintiff's complaint is construed as a petition for a writ of *habeas corpus* under Section 2241 because he challenges his pretrial custody as being "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). If Plaintiff does not want to pursue relief under Section 2241, he may notify the Court in writing within 30 days that he wishes to withdraw the action. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *see also Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) (applying notice rule to petitions brought under Section 2241). If Plaintiff does not inform the Court of his intent within 30 days, the Court will dismiss the action without prejudice to Plaintiff's filing a future Section 2241 petition challenging his current custody.

**B.      The Court grants Plaintiff 30 days' leave to file a Section 2241 petition**

The Court grants Plaintiff leave to complete and submit the attached form, "Amended Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241." Plaintiff should specify his grounds for relief and the supporting facts for each ground. He also should include the steps he took to exhaust each ground for relief. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has

superimposed such a requirement in order to accommodate principles of federalism."). In its final form, the petition must permit the Court and the Respondent – who is the warden of Plaintiff's current detention facility[1] – to comprehend both Plaintiff's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated by the Court.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to file a Section 2241 petition containing the information specified above. The petition must be submitted to this Court's Pro Se Unit within 30 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 form is attached to this order, which Plaintiff should complete as specified above. Once submitted, the Court will review the petition for substantive sufficiency, and then, if the amended petition is sufficient, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the action will be dismissed.

Because Plaintiff has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a Plaintiff's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    December 1, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1. **Who Should Use This Form**.  You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**.  You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form.  If needed, you may attach additional pages or file a memorandum in support of the petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  Note that some courts have page limitations.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

4. **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**.  Mail your petition and  _0_  copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

|  |  |
|---|---|
| _____ <br> *Petitioner* <br><br> v. <br><br> _____ <br> *Respondent* <br> *(name of warden or authorized person having custody of petitioner)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Case No. _____ <br> *(Supplied by Clerk of Court)* |

## AMENDED

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a)  Your full name: _____

    (b)  Other names you have used: _____

2.  Place of confinement:

    (a)  Name of institution: _____

    (b)  Address: _____

    _____

    (c)  Your identification number: _____

3.  Are you currently being held on orders by:

    ❏ Federal authorities        ❏ State authorities        ❏ Other - explain:

    _____

4.  Are you currently:

    ❏ A pretrial detainee (waiting for trial on criminal charges)

    ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a)  Name and location of court that sentenced you: _____

    _____

    (b)  Docket number of criminal case: _____

    (c)  Date of sentencing: _____

    ❏ Being held on an immigration charge

    ❏ Other *(explain):* _____

    _____

    _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.      What are you challenging in this petition:

❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
   revocation or calculation of good time credits)

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*: _____

_____

6.      Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

(d)  Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.      **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❐ Yes                      ❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes                    ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____
_____
_____
_____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes                    ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal:  _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❑ Yes               ❑ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

       ❑ Yes               ❑ No

       If "Yes," provide:

       (1)  Name of court:  _____

       (2)  Case number:  _____

       (3)  Date of filing:  _____

       (4)  Result:  _____

       (5)  Date of result:  _____

       (6)  Issues raised:  _____

       _____

       _____

       _____

       _____

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

       ❑ Yes               ❑ No

       If "Yes," provide:

       (1)  Name of court:  _____

       (2)  Case number:  _____

       (3)  Date of filing:  _____

       (4)  Result:  _____

       (5)  Date of result:  _____

       (6)  Issues raised:  _____

       _____

       _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your

conviction or sentence: _____

_____

_____

_____

_____

_____

_____

11.     **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes                    ❏ No

If "Yes," provide:

(a)     Date you were taken into immigration custody: _____

(b)     Date of the removal or reinstatement order: _____

(c)     Did you file an appeal with the Board of Immigration Appeals?

❏ Yes                    ❏ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

_____

(d)     Did you appeal the decision to the United States Court of Appeals?

❏ Yes                    ❏ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes                    ❏ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE**: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground One in all appeals that were available to you?

❑ Yes                    ❑ No

**GROUND TWO**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Two in all appeals that were available to you?

❑ Yes                    ❑ No

**GROUND THREE**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

❑ Yes                    ❑ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes                    ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:

**Request for Relief**

15.  State exactly what you want the court to do:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____         _____
                                                                    *Signature of Petitioner*


                                                    _____
                                                    *Signature of Attorney or other authorized person, if any*