UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                          Petitioner,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al.,

                          Respondents.

20-CV-9245 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated December 1, 2021, the Court designated this action as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 and granted Petitioner Aaron Singleton 30 days' leave to file a Section 2241 *habeas corpus* petition setting forth his grounds for relief. Petitioner, who is currently incarcerated at Ulster Correctional Facility, filed his petition on January 4, 2022. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brought this action challenging his pretrial detention in the custody of the New York City Department of Correction. The Court originally dismissed the action because Petitioner had not alleged facts suggesting that he had exhausted his state court remedies. (ECF 5.) Following Petitioner's request for reconsideration, based on his claim that he had exhausted his remedies, the Court vacated its order of dismissal (ECF 11) and granted Petitioner 30 days' leave to file a Section 2241 petition (ECF 15), which he did on January 4, 2022 (ECF 19).

In his petition, which Petitioner signed on December 16, 2021, he raised five grounds in his challenge to his pretrial detention: speedy trial, excessive bail, due process, malicious prosecution, and fundamental miscarriage of justice. His request for relief included dismissal of his criminal case and "judgment with extreme prejudice." (ECF 19, at 8.)

The Court has now learned that, on the same day Petitioner signed his petition, December 16, 2021, he also was convicted and sentenced. *See People v. Singleton*, No. 00370/2019 (Bronx Cnty. Dec. 16, 2021). According to records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS took custody of Petitioner on January 31, 2022.

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

A *habeas corpus* petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the

2

constitutionality of his custody. *See Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002). In contrast, a petition brought under Section 2241 is generally the proper vehicle for a state prisoner who has *not yet* been convicted but argues that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," § 2241(c)(3); *see Hoffler v. Bezio*, 726 F.3d 144, 146 (2d Cir. 2013) (assuming without deciding that Section 2241 petition is the proper vehicle for state prisoner seeking to prevent New York from retrying him).

Because Petitioner has since been convicted and is now in state custody pursuant to a state court judgment of conviction, he may only be released from state custody by prevailing on a petition brought under Section 2254 following the exhaustion of his state court remedies. *Cook*, 321 F.3d at 278; *James*, 308 F.3d at 166.[1] Petitioner may seek to raise his arguments regarding the legality of his pretrial detention in any appeal he pursues in the state courts.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] To exhaust his claims for purpose of *habeas corpus* review, Petitioner must wait for the Appellate Division to decide the outcome of his appeal. If Petitioner is adversely affected by that court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If he files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the Appellate Division, and the Court of Appeals. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000). Because Petitioner was just sentenced and could not have fully exhausted his state court remedies, the Court declines to construe the petition as brought under Section 2254. After Petitioner has fully exhausted his state court remedies, he may file a Section 2254 petition in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge